Filed 7/31/13  P. v. Zubko CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>SERGEI ZUBKO,<br><br>        Defendant and Appellant. | C070833<br><br>(Super. Ct. No. CRF111504)<br><br><br>ORDER MODIFYING OPINION AND DENYING REHEARING |

THE COURT:

It is ordered that the opinion filed in this case on July 10, 2013, be modified as follows:

Insert a new footnote on page 3, second full paragraph, after the second sentence ending "and to prepare an amended abstract of judgment."  The text of footnote 4 reads as follows:

1

**4** Because we are directing the superior court to order that defendant's sentence be served in state prison, there is no need for us to address his contention that one of his probation conditions is unconstitutionally vague.

This modification does not change the judgment.

The petition for rehearing is denied.


_____BLEASE_____, Acting P. J.


_____MAURO_____, J.


_____HOCH_____, J.

Filed 7/10/13 (unmodified version)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | C070833 |
| v. | (Super. Ct. No. CRF111504) |
| SERGEI ZUBKO, | |
| Defendant and Appellant. | |

Defendant Sergei Zubko pleaded no contest to driving under the influence of drugs (Veh. Code, § 23152, subd. (a)) within 10 years of three or more prior convictions for driving under the influence (Veh. Code, § 23550, subd. (a)), and admitted serving a prior prison term (Pen. Code, § 667.5, subd. (b)).[1] The trial court sentenced defendant to four

---

[1] Undesignated statutory references are to the Penal Code.

1

years in state prison, but suspended execution of sentence and placed defendant on probation for four years.

Less than four months later, the Criminal Justice Realignment Act of 2011 (the Realignment Act)[2] took effect on October 1, 2011. With certain exceptions, felons sentenced under the Realignment Act are committed to jail rather than prison, may have a concluding portion of their sentence suspended in lieu of probation, and are not subject to parole. (§§ 3000 et. seq., 1170, subds (h)(1)-(3), (5).) Prison sentences are imposed, however, for felons who have current or prior serious or violent felony convictions, who are required to register as sex offenders, or who have sustained a section 186.11 aggravated white collar crime enhancement. (§ 1170, subd. (h)(3).) Defendant's offenses in this case are not among the crimes exempted from a jail commitment under the Realignment Act. Nonetheless, the Realignment Act sentencing scheme applies prospectively to defendants "sentenced on or after October 1, 2011." (§ 1170, subd. (h)(6).)

After the effective date of the Realignment Act, defendant admitted violating probation. The trial court revoked probation and executed the previously imposed four-year sentence. But because the Realignment Act was in effect, the trial court ordered defendant, over the People's objection, to serve the four years in county jail rather than state prison.

The People appeal, arguing the Realignment Act's requirement of county jail time does not apply to defendant because he was sentenced to state prison before the Realignment Act took effect. The People contend that because the trial court *imposed* sentence and merely suspended *execution* of sentence prior to the effective date of the

---

[2] (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1; § 1170, subd. (h).)

Realignment Act, the trial court had no authority to change the prison sentence previously imposed.[3]

Defendant counters that it is proper for him to serve his sentence in county jail because the trial court *executed* sentence after the effective date of the Realignment Act. In addition, he argues that serving his term in county jail is consistent with the Legislature's intent in enacting the Realignment Act.

We conclude the trial court was required to execute defendant's sentence exactly as previously imposed. We will reverse the trial court's order that defendant's sentence be served in county jail, and remand the matter to the trial court with directions to order that defendant's sentence be served in state prison and to prepare an amended abstract of judgment. We will otherwise affirm the judgment.

## DISCUSSION

A number of appellate courts have addressed the issue presented in this case, resulting in a split in authority.

In *People v. Clytus* (2012) 209 Cal.App.4th 1001 (*Clytus*), the defendant was convicted of identity theft and unlawfully taking a vehicle. (*Id.* at p. 1004.) The trial court imposed a state prison sentence of three years eight months but suspended execution of sentence and placed the defendant on probation. After the effective date of the Realignment Act, the defendant admitted violating probation. The trial court declined to reinstate probation and ordered the suspended sentence served in state prison. (*Ibid.*) The defendant appealed, arguing that he was qualified for county jail under the Realignment Act. (*Clytus, supra,* 209 Cal.App.4th at p. 1006.) The Court of Appeal agreed, concluding that "a trial court executing a suspended sentence as punishment for a probation violation on and after October 1, 2011, has no discretion to send to prison a

---

[3] The People also contend defendant was not denied equal protection. Defendant does not dispute or oppose that argument and hence we do not address it.

3

defendant whose criminal record and current felony convictions qualify for a county jail commitment under section 1170, subdivision (h)." (*Ibid.*)

The Court of Appeal in *Clytus* reasoned: "Section 1170, subdivision (h)(6) provides that '[t]he sentencing changes made by the act that added this subdivision [(h)] shall be applied prospectively to any person sentenced on or after October 1, 2011.' The plain meaning of this statute is that any sentence executed on or after October 1, 2011, for a felony that is not prison eligible shall be served in county jail under section 1170, subdivision (h)(2). Nowhere in the Realignment Act is there any indication the Legislature intended a different result if a prison sentence was imposed and suspended before October 1, 2011, and executed on or after October 1, 2011. [Citations.] [¶] It is certainly true that in this case, defendant was sentenced *before* October 1, 2011, when the court imposed and suspended execution of sentence with probation. But that does not mean defendant was not also a 'person sentenced' when the court executed the suspended sentence *after* October 1, 2011. (§ 1170, subd. (h)(6).) . . . We see no reason why we should conclude defendant was a 'person sentenced' when the court stayed execution of the sentence but not when the court executed the previously suspended sentence." (*Clytus, supra,* 209 Cal.App.4th at pp. 1006-1007, original italics.)

The court in *People v. Scott* (2013) 216 Cal.App.4th 848 reached the same conclusion as the court in *Clytus*, stating that "[t]o draw a distinct line barring defendants whose sentence was executed after the effective date of the [Realignment] Act, but whose sentence was imposed prior to the act, from serving their terms in county jail fails to promote the Legislature's stated goals." (*Scott, supra,* 216 Cal.App.4th at p. 857.)

Other decisions, however, have reached the opposite conclusion. In *People v. Gipson* (2013) 213 Cal.App.4th 1523 (*Gipson*), the Court of Appeal disagreed with *Clytus* and held that a defendant is sentenced on the date sentence is imposed even if execution of the sentence does not happen until a later date. (*Gipson, supra,* 213 Cal.App.4th at p. 1526.) Likewise, the court in *People v. Mora* (2013) 214 Cal.App.4th

4

1477 (*Mora*) held that when the trial court revoked probation and executed the defendant's previously imposed sentence, the trial court lacked jurisdiction to modify the sentence committing the defendant to state prison. (*Mora, supra,* 214 Cal.App.4th at p. 1482.) In *People v. Kelly* (2013) 215 Cal.App.4th 297 (*Kelly*), the court held that a defendant is not "sentenced" within the meaning of the Realignment Act when a previously imposed sentence is executed upon revocation of probation. (*Kelly, supra,* 215 Cal.App.4th at pp. 301-306.) And in *People v. Wilcox* (2013) ___ Cal.App.4th ___ [2013 Cal. App. Lexis 508, at p. *14], this court agreed with *Gipson, Mora and Kelly*.

As the court explained in *Kelly*: "Defendant's contention is contrary to well-established precedent. In [*People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*)], the California Supreme Court discussed the distinction 'between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences.' (*Id*. at p. 1087.) When a court suspends *imposition* of sentence before placing a defendant on probation, there is no judgment pending against the defendant. Therefore, upon revoking probation, the court has full discretion to impose any appropriate sentence. . . . In contrast, when a court imposes sentence but suspends its *execution* during a period of probation, there is a judgment, and revocation of the order granting probation requires execution of the existing sentence, exactly as imposed." (*Kelly, supra,* 215 Cal.App.4th at p. 302; original emphasis; see also *Gipson, supra,* 213 Cal.App.4th at pp. 1529-1530; *Mora, supra,* 214 Cal.App.4th at p. 1482.)

There is no indication that the Legislature intended to abrogate *Howard*. (*Kelly, supra,* 215 Cal.App.4th at pp. 305-306.) Accordingly, we conclude the trial court was required to execute defendant's sentence exactly as previously imposed.

## DISPOSITION

The trial court's order that defendant's sentence be served in county jail is reversed, and the matter is remanded to the trial court. The trial court is directed to order that defendant's sentence be served in state prison. The trial court is further directed to

5

prepare an amended abstract of judgment reflecting that defendant's sentence be served in state prison, and to deliver a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                                 _____MAURO_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____HOCH_____, J.


6