Filed 8/6/13

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE, | H037737 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS110008) |
| v. | |
| STEVEN MORENO, JR., | |
| Defendant and Appellant. | |


The Criminal Justice Realignment Act of 2011 (Realignment Act)[1] made significant changes in punishment for defendants, including confinement in county jail rather than state prison for certain felons. (Pen. Code, § 1170, subd. (h).)[2] These sentencing changes apply "to any person sentenced on or after October 1, 2011." (§ 1170, subd. (h)(6).) We conclude that the Realignment Act does not apply to defendant Steven Moreno, whose sentence was imposed prior to October 1, 2011, and executed after that date when his probation was revoked.[3] Accordingly, we reverse the judgment.

---

[1]    Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1.
[2]    All further statutory references are to the Penal Code.
[3]    This issue is presently before the California Supreme Court in *People v. Scott*, review granted July 24, 2013, S211670.

## I. Background

On January 3, 2011, defendant was charged by complaint with receiving stolen property (§ 496, subd. (a) – count 1), resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1) – count 2), and possession of burglar's tools (§ 466 – count 3).  The complaint also alleged that defendant had failed on three separate occasions to remain free of prison custody for a five-year period (§ 667.5, subd. (b).

On January 18, 2011, defendant pleaded no contest to felony receiving stolen property and admitted two of the prior prison term allegations.

On April 12, 2011, the trial court imposed a five-year state prison term, suspended execution of sentence, and ordered defendant to serve formal probation for three years. The remaining charges and allegations were dismissed pursuant to section 1385.

On May 12, 2011, a petition to revoke probation was filed.  On September 8, 2011, defendant was arrested on a bench warrant for violating the terms and conditions of probation.  On September 22, 2011, the district attorney's office filed a second petition to revoke probation on the ground that defendant had failed to obey all laws.

On September 29, 2011, defendant admitted a violation of probation for failing to comply with the imposed terms and conditions.  The trial court dismissed the unrelated misdemeanor charges.  As part of the negotiated disposition, defendant agreed that "the previously suspended prison sentence would . . . be executed."  At defendant's request, the trial court continued the case.

On November 3, 2011, the trial court revoked defendant's probation and ordered the previously imposed sentence of five years into effect.  The trial court also concluded that defendant qualified under the Realignment Act to serve his sentence in county jail. On November 22, 2011, the trial court recalled the sentence pursuant to section 1170, subdivision (b) to determine whether defendant had a prior serious felony which

disqualified him from serving his sentence in county jail. A week later, the trial court found that defendant was not disqualified from serving his sentence in county jail.

The People filed a timely notice of appeal.

## II. Discussion

Section 1170, subdivision (h)(6) provides that "[t]the sentencing changes made by [the Realignment Act] shall be applied prospectively to any person sentenced on or after October 1, 2011."

*People v. Clytus* (2012) 209 Cal.App.4th 1001 (*Clytus*) (review den. Jan. 16, 2013) considered the issue before us. *Clytus* concluded that "a trial court executing a suspended sentence for a violation of probation on and after October 1, 2011, the effective date of the Realignment Act, has no discretion to send to prison a defendant who qualifies under the Act to serve the sentence in county jail." (*Id.* at p. 1004.) *Clytus* relied on "the plain meaning" of section 1170, subdivision (h)(6) and reasoned: "It is certainly true that in this case, defendant was sentenced *before* October 1, 2011, when the court imposed and suspended execution of sentence with probation. But that does not mean defendant was not also a 'person sentenced' when the court executed the suspended sentence *after* October 1, 2011. (§ 1170, subd. (h)(6).) Whenever a sentence is imposed and suspended, it may be executed in the future after a revocation of probation if the trial court decides not to reinstate probation. The trial court must make and articulate the reasons for its discretionary choice not to reinstate probation and to execute the sentence, as the trial court did here. We see no reason why we should conclude defendant was a 'person sentenced' when the court stayed execution of the sentence but not when the court executed the previously suspended sentence." (*Clytus*, at pp. 1006-1007.)

*Clytus* also rejected the argument that *People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*) provided relevant reasoning or authority. (*Clytus*, *supra*, 209 Cal.App.4th at pp. 1007-1009.) "*Howard* concluded that a trial court may not modify or change a

3

sentence that was imposed and suspended. [Citation.] In contrast, the Realignment Act does not modify or change the sentence for any felony. The Act directs that the court is to impose a 'term described in the underlying offense' and thus preserves the existing triad of terms for felonies . . . ." (*Id.* at pp. 1008-1009.)

*People v. Kelly* (2013) 215 Cal.App.4th 297 (*Kelly*) (review den. June 19, 2013) disagreed with *Clytus* and concluded that the Legislature did not intend to abrogate *Howard* when it enacted the Realignment Act. (*Kelly*, at p. 300.) *Kelly* began its analysis by setting forth *Howard's* "distinction 'between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences.' [Citation.] When a court suspends *imposition* of sentence before placing a defendant on probation, there is no judgment pending against the defendant. Therefore, upon revoking probation, the court has full discretion to impose any appropriate sentence. The probation order is considered a final judgment only for the purpose of allowing the defendant to take an appeal from the order. [Citations.] In contrast, when a court imposes sentence but suspends its *execution* during a period of probation, there is a judgment, and revocation of the order granting probation requires execution of the existing sentence, exactly as imposed. [Citation.]" (*Id.* at p. 302.) *Kelly* noted *Howard's* acknowledgment that these principles were reflected in section 1203.2, subdivision (c) and California Rules of Court, rule 4.435(b).[4] (*Kelly*, at p. 302.) *Kelly* questioned the failure of *Clytus* to "explain why

---

[4]     Section 1203.2, subdivision (c), provides that following revocation and termination of probation, "the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. However, *if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect*." (Italics added.) California Rules of Court, rule 4.435(b), which implements section 1203.2, subdivision (c), provides that, upon revocation of probation, "(1) If the imposition of sentence was previously suspended, the judge must impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 4.433(c)" or "(2) If the execution (continued)

4

the phrase 'sentenced on or after October 1, 2011' unambiguously has a meaning different from the traditional rule as discussed in *Howard.*" (*Kelly*, at p. 303.)

As did *Clytus*, *Kelly* found that section 1170, subdivision (h)(6) was not ambiguous on its face. (*Kelly*, *supra*, 215 Cal.App.4th at p. 305.) However, *Kelly* conceded that if "'any person sentenced on or after October 1, 2011,' *might* have the meaning *Clytus* ascribes to it—i.e., that sentencing means any proceeding in which a sentence is either imposed or executed—the phrase becomes ambiguous because it is contrary to *Howard* and to section 1203.2, subdivision (c). [Citations.]" (*Ibid*.) To resolve any ambiguity, *Kelly* turned to the "rule of statutory construction that the Legislature is deemed to be aware of statutes and judicial decisions already in existence and to have enacted a statute in light of existing statutes and decisions [citation] . . . ." (*Ibid*.) Given that *Howard* was decided several years prior to the enactment of the Realignment Act, *Kelly* concluded that "[t]he enactment of section 1170(h)(6) without either amending or repealing statutes [distinguishing orders suspending imposition from those suspending execution of sentence] or providing a definition of 'sentenced' in section 1170(h)(6) which differs from the rule enunciated in *Howard* can be interpreted to mean only that the Legislature did not intend to do so." (*Kelly*, at pp. 305-306.) *Kelly* also noted that the Realignment Act itself recognized "the distinction between imposition and execution of sentence." (*Kelly*, at p. 306 ["section 1170(h)(5) refers to *imposing* a term in county jail but suspending *execution* of a portion of the sentence and placing the defendant under the supervision of the county probation officer. (§ 1170(h)(5) [introductory sentence], (B)(i))"].) Thus, *Kelly* concluded that "the Realignment Act does not abrogate *Howard,* and that a defendant who is 'sentenced on or after

---

of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect and that the defendant be committed to the custody of the Secretary of the Department of Corrections and Rehabilitation for the term prescribed in that judgment."

5

October 1, 2011,' is one whose sentence is imposed on or after that date, not one whose previously imposed and suspended sentence is executed on or after that date." (*Ibid.*)[5]

We agree with *Kelly*. Here, since defendant was sentenced to state prison before October 1, 2011, the Realignment Act did not apply. When the trial court revoked defendant's probation and executed his sentence on November 3, 2011, it lacked jurisdiction to modify the sentence committing him to state prison for five years.

Defendant contends that if the judgment is reversed, the case must be remanded for the trial court to exercise its power to recall defendant's sentence and resentence him under section 1170, subdivision (d).

Section 1170, subdivision (d) provides that a trial court can recall a sentence on its own motion within 120 days after committing a defendant to prison. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

After it recalled the sentence, the trial court stated: "And so again, I'm not departing from Judge Curtis' sentencing determination that upper term is appropriate. I'm not departing from his sentencing determination that two prior prison terms should be added to that for a consecutive two years. I'm not making any other changes to the penalty that was identified by Judge Curtis. [¶] But I am following the dictate of the [L]egislature that Mr. Moreno serve that sentence in the county jail rather than in the state prison." Since the trial court's determination was based solely on its interpretation of the Realignment Act, remand is unnecessary.

---

[5] *People v. Gipson* (2013) 213 Cal.App.4th 1523 (review den. June 19, 2013), *People v. Mora* (2013) 214 Cal.App.4th 1477 (review den. June 19, 2013), and *People v. Wilcox* (2013) 217 Cal.App.4th 618 also disagreed with *Clytus*, *supra*, 209 Cal.App.4th 1001.

6

### III.  Disposition

The judgment is reversed.  The trial court is directed to order into effect the originally imposed state prison term.

_____
Mihara, J.


I CONCUR:


_____
Márquez, J

7

PREMO, Acting P.J., Dissenting:

I respectfully dissent.  A separate panel of this court recently decided in *People v. Scott* (2013) 216 Cal.App.4th 848 (review granted Jul. 24, 2013, S211670), that the provisions of the Criminal Justice Realignment Act of 2011 (Realignment Act) are applicable to those defendants whose sentence was imposed prior to October 1, 2011, the effective date of the Act, but whose sentence was executed after that date upon revocation of probation. Here, defendant's sentence was imposed on April 12, 2011, prior to the effective date of the Realignment Act.  However, sentence was not executed until November 3, 2011, after the effective date of the Realignment Act.  Under the reasons set forth in *Scott*, I would affirm the judgment of the trial court ordering defendant serve his sentence in county jail.


Premo, Acting P. J.

Trial Court:                                   Monterey County Superior Court


Trial Judge:                                   Honorable Adrienne M. Grover


Attorneys for Plaintiff and Appellant:         Kamala D. Harris
                                               Attorney General of California

                                               Dane R. Gillette
                                               Chief Assistant Attorney General

                                               Gerald A. Engler
                                               Senior Assistant Attorney General

                                               Laurence K. Sullivan
                                               Supervising Deputy Attorney General

                                               Seth K. Schalit
                                               Supervising Deputy Attorney General

                                               Amy Haddix
                                               Deputy Attorney General

                                               Bridget Billeter
                                               Deputy Attorney General


Attorney for Defendant and Respondent:         Renee Paradis
                                               Under Appointment by the Sixth District
                                               Appellate Program