*848 Opinion
MIHARA, J.
The Criminal Justice Realignment Act of 2011 (Realignment Act)[1] made significant changes in punishment for defendants, including confinement in county jail rather than state prison for certain felons. (Pen. Code, § 1170, subd. (h).)[2] These sentencing changes apply “to any person sentenced on or after October 1, 2011.” (§ 1170, subd. (h)(6).) We conclude that the Realignment Act does not apply to defendant Steven Moreno, Jr., whose sentence was imposed prior to October 1, 2011, and executed after that date when his probation was revoked.[3] Accordingly, we reverse the judgment.
I. Background
On January 3, 2011, defendant was charged by complaint with receiving stolen property (§ 496, subd. (a)—count 1), resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)—count 2), and possession of burglar’s tools (§ 466—count 3). The complaint also alleged that defendant had failed on three separate occasions to remain free of prison custody for a five-year period (§ 667.5, subd. (b)).
On January 18, 2011, defendant pleaded no contest to felony receiving stolen property and admitted two of the prior prison term allegations.
On April 12, 2011, the trial court imposed a five-year state prison term, suspended execution of sentence, and ordered defendant to serve formal probation for three years. The remaining charges and allegations were dismissed pursuant to section 1385.
On May 12, 2011, a petition to revoke probation was filed. On September 8, 2011, defendant was arrested on a bench warrant for violating the terms and conditions of probation. On September 22, 2011, the district attorney’s office filed a second petition to revoke probation on the ground that defendant had failed to obey all laws.
On September 29, 2011, defendant admitted a violation of probation for failing to comply with the imposed terms and conditions. The trial court dismissed the unrelated misdemeanor charges. As part of the negotiated disposition, defendant agreed that “the previously suspended prison sentence would ... be executed.” At defendant’s request, the trial court continued the case.
*849 On November 3, 2011, the trial court revoked defendant’s probation and ordered the previously imposed sentence of five years into effect. The trial court also concluded that defendant qualified under the Realignment Act to serve his sentence in county jail. On November 22, 2011, the trial court recalled the sentence pursuant to section 1170, subdivision (b) to determine whether defendant had a prior serious felony which disqualified him from serving his sentence in county jail. A week later, the trial court found that defendant was not disqualified from serving his sentence in county jail.
The People filed a timely notice of appeal.
II. Discussion
Section 1170, subdivision (h)(6) provides that “[tjthe sentencing changes made by [the Realignment Act] shall be applied prospectively to any person sentenced on or after October 1, 2011.”
People v. Clytus (2012) 209 Cal.App.4th 1001 [147 Cal.Rptr.3d 448] (Clytus), review denied January 16, 2013, considered the issue before us. Clytus concluded that “a trial court executing a suspended sentence for a probation violation on and after October 1, 2011, the effective date of the Realignment Act, has no discretion to send to prison a defendant who qualifies under the Act to serve the sentence in county jail.” (Id. at p. 1004.) Clytus relied on “[t]he plain meaning” of section 1170, subdivision (h)(6) and reasoned: “It is certainly true that in this case, defendant, was sentenced before October 1, 2011, when the court imposed and suspended execution of sentence with probation. But that does not mean defendant was not also a ‘person sentenced’ when the court executed the suspended sentence after October 1, 2011. (§ 1170, subd. (h)(6).) Whenever a sentence is imposed and suspended, it may be executed in the future after a revocation of probation if the trial court decides not to reinstate probation. The trial court must make and articulate the reasons for its discretionary choice not to reinstate probation and to execute the sentence, as the trial court did here. We see no reason why we should conclude defendant was a ‘person sentenced’ when the court stayed execution of the sentence but not when the court executed the previously suspended sentence.” (Clytus, at pp. 1006-1007.)
Clytus also rejected the argument that People v. Howard (1997) 16 Cal.4th 1081 [68 Cal.Rptr.2d 870, 946 P.2d 828] (Howard) provided relevant reasoning or authority. (Clytus, supra, 209 Cal.App.4th at pp. 1007-1009.) “Howard concluded that a trial court may not modify or change a sentence that was imposed and suspended. [Citation.] In contrast, the Realignment Act does not modify or change the sentence for any felony. The Act directs that the court is to impose a ‘term described in the underlying offense’ and thus preserves the existing triad of terms for felonies . . . .” (Id. at pp. 1008-1009.)
*850 People v. Kelly (2013) 215 Cal.App.4th 297 [154 Cal.Rptr.3d 898] (Kelly), review denied June 19, 2013, disagreed with Clytus and concluded that the Legislature did not intend to abrogate Howard when it enacted the Realignment Act. (Kelly, at p. 300.) Kelly began its analysis by setting forth Howard’s “distinction ‘between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences.’ [Citation.] When a court suspends imposition of sentence before placing a defendant on probation, there is no judgment pending against the defendant. Therefore, upon revoking probation, the court has full discretion to impose any appropriate sentence. The probation order is considered a final judgment only for the purpose of allowing the defendant to take an appeal from the order. [Citations.] In contrast, when a court imposes sentence but suspends its execution during a period of probation, there is a judgment, and revocation of the order granting probation requires execution of the existing sentence, exactly as imposed. [Citation.]” (Id. at p. 302.) Kelly noted Howard’s acknowledgment that these principles were reflected in section 1203.2, subdivision (c) and California Rules of Court, rule 4.435(b).[4] (Kelly, at p. 302.) Kelly questioned the failure of Clytus to “explain why the phrase ‘sentenced on or after October 1, 2011’ unambiguously has a meaning different from the traditional rule as discussed in Howard.” (
As did Clytus, Kelly found that section 1170, subdivision (h)(6) was not ambiguous on its face. {Kelly, supra, 215 Cal.App.4th at p. 305.) However, Kelly conceded that if “ ‘any person sentenced on or after October 1, 2011,’ might have the meaning Clytus ascribes to it—i.e., that sentencing means any proceeding in which a sentence is either imposed or executed— the phrase becomes ambiguous because it is contrary to Howard and to section 1203.2, subdivision (c). [Citations.]” (Ibid.) To resolve any ambiguity, Kelly turned to the “rule of statutory construction that the Legislature is deemed to be aware of statutes and judicial decisions already in existence and to have enacted a statute in light of existing statutes and decisions [citation] . . . .” (Ibid.) Given that Howard was decided several years prior to the enactment of the Realignment Act, Kelly concluded that “[t]he enactment of section *851 1170(h)(6) without either amending or repealing those statutes [distinguishing orders suspending imposition from those suspending execution of sentence] or providing a definition of ‘sentenced’ in section 1170(h)(6) which differs from the rule enunciated in Howard can be interpreted to mean only that the Legislature did not intend to do so.” (Kelly, at pp. 305-306.) Kelly also noted that the Realignment Act itself recognized “the distinction between imposition and execution of sentence.” (Kelly, at p. 306 [“[S]ection 1170(h)(5) refers to imposing a term in county jail but suspending execution of a portion of the sentence and placing the defendant under the supervision of the county probation officer. (§ 1170(h)(5) [introductory sentence], (B)(i).)”].) Thus, Kelly concluded that “the Realignment Act does not abrogate Howard, and that a defendant who is ‘sentenced on or after October 1, 2011,’ is one whose sentence is imposed on or after that date, not one whose previously imposed and suspended sentence is executed on or after that date.” (Ibid.)[5]
We agree with Kelly. Here, since defendant was sentenced to state prison before October 1, 2011, the Realignment Act did not apply. When the trial court revoked defendant’s probation and executed his sentence on November 3, 2011, it lacked jurisdiction to modify the sentence committing him to state prison for five years.
Defendant contends that if the judgment is reversed, the case must be remanded for the trial court to exercise its power to recall defendant’s sentence and resentence him under section 1170, subdivision (d).
Section 1170, subdivision (d) provides that a trial court can recall a sentence on its own motion within 120 days after committing a defendant to prison. (Dix v. Superior Court (1991) 53 Cal.3d 442, 456 [279 Cal.Rptr. 834, 807 P.2d 1063].)
After it recalled the sentence, the trial court stated: “And so again, I’m not departing from Judge Curtis’ sentencing determination that upper term is appropriate. I’m not departing from his sentencing determination that two prior prison terms should be added to that for a consecutive two years. I’m not making any other changes to the penalty that was identified by Judge Curtis. [][] But I am following the dictate of the [Legislature that Mr. Moreno serve that sentence in the county jail rather than in the state prison.” Since the trial court’s determination was based solely on its interpretation of the Realignment Act, remand is unnecessary.
*852 III. Disposition
The judgment is reversed. The trial court is directed to order into effect the originally imposed state prison term.
Márquez, J., concurred.

 Statutes 2011, First Extraordinary Session 2011-2012, chapter 12, section 1.

 All further statutory references are to the Penal Code.

 This issue is presently before the California Supreme Court in People v. Scott, review granted July 24, 2013, S211670.

 Section 1203.2, subdivision (c), provides that following revocation and termination of probation, “the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. However, if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect.” (Italics added.) California Rules of Court, rule 4.435(b), which implements section 1203.2, subdivision (c), provides that, upon revocation of probation, “(1) If the imposition of sentence was previously suspended, the judge must impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 4.433(c)” or “(2) If the execution of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect and that the defendant be committed to the custody of the Secretary of the Department of Corrections and Rehabilitation for the term prescribed in that judgment.”

 People v. Gipson (2013) 213 Cal.App.4th 1523 [153 Cal.Rptr.3d 428], review denied June 19, 2013, People v. Mora (2013) 214 Cal.App.4th 1477 [154 Cal.Rptr.3d 837], review denied June 19, 2013, and People v. Wilcox (2013) 217 Cal.App.4th 618 [158 Cal.Rptr.3d 502] also disagreed with Clytus, supra, 209 Cal. App ,4th 1001.