Filed 4/3/14  P. v. Coranado CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C073476 |
| Plaintiff and Respondent, | (Super. Ct. No. SF107386A) |
| v. | |
| CONNIE EVETTE SALAZAR CORANADO, | |
| Defendant and Appellant. | |

Defendant Connie Evette Salazar Coranado appeals the judgment imposed after she pleaded guilty to a felony offense and the sentence was executed after she violated probation.  She contends that under the Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 15), the trial court did not have discretion to sentence her to state prison.  We disagree and affirm the judgment.

## BACKGROUND

In May 2010 defendant pleaded guilty to possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and admitted she had a prior conviction for sale of a

1

controlled substance (Health & Saf. Code, § 11352; Pen. Code, § 667.5, subd. (b)).[1] Consistent with the plea agreement, the trial court sentenced defendant to an aggregate term of six years in state prison, stayed execution of the sentence, placed her on five years of probation, and ordered her to serve 210 days in county jail.

In August 2012 the probation officer filed a petition alleging a violation of probation. After a contested hearing, the trial court found defendant had violated probation. At sentencing in March 2013, the trial court denied probation and, over defendant's objection, ordered the previously imposed six-year sentence executed. The court also ordered the sentence be served in state prison, finding it did not qualify for handling under section 1170, subdivision (h). (*People v. Howard* (1997) 16 Cal.4th 1081; *People v. Gipson* (2013) 213 Cal.App.4th 1523 (*Gipson*).)

## DISCUSSION

Defendant contends the trial court could not sentence her to state prison because she should have been sentenced pursuant to section 1170, subdivision (h). We disagree.

Pursuant to the Realignment Act, many felonies are no longer punished by confinement in state prison but are instead subject to confinement in county jail. (§ 1170, subd. (h)(1), (2).) Felons sentenced under this provision may have a concluding portion of the county jail term suspended and placed under the mandatory supervision of the county probation department. (§ 1170, subds. (h)(5)(B), (i).) Although defendant's crime is subject to sentencing under the Realignment Act, the Realignment Act's sentencing scheme applies only to defendants "sentenced on or after October 1, 2011." (§ 1170, subd. (h)(6).) Here, the trial court imposed and stayed execution of the six-year state prison sentence on May 13, 2010, and executed the sentence on March 7, 2013. Thus, the issue is: when was defendant sentenced?

---

[1] Undesignated statutory references are to the Penal Code.

2

Defendant relies on *People v. Clytus* (2012) 209 Cal.App.4th 1001 to support her claim that she was sentenced when the trial court executed the previously imposed term and therefore should have been sentenced to county jail pursuant to section 1170, subdivision (h).  In *People v. Wilcox* (2013) 217 Cal.App.4th 618, 623-627, we rejected the reasoning in *Clytus* and concluded that because a defendant is "sentenced" on the date sentence is imposed, a suspended prison term imposed before but ordered executed after October 1, 2011, is to be served in state prison and not county jail pursuant to section 1170, subdivision (h).  This conclusion is consistent with the majority of appellate courts to address this subject.  (*People v. Kelly* (2013) 215 Cal.App.4th 297, 300-306 [Fourth Dist., Div. Two]; *People v. Mora* (2013) 214 Cal.App.4th 1477, 1481-1482 [Fourth Dist., Div. One]; *Gipson*, *supra*, 213 Cal.App.4th at pp. 1525-1526, 1528-1530 [Second Dist., Div. Two].)  For the reasons stated in *Wilcox*, we reject defendant's claim here as well.  Defendant having been sentenced to prison prior to October 1, 2011, the court correctly executed—without change—the sentence already imposed.  Defendant is not entitled to have her state prison commitment vacated and to be committed instead to serve her term in county jail.

## DISPOSITION

The judgment is affirmed.


                                                              RAYE                    , P. J.

We concur:



          NICHOLSON          , J.



          HOCH               , J.


3