Filed 11/8/21  P. v. Ruvalcaba CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REFUGIO RUVALCABA,<br><br>    Defendant and Appellant. | 2d Crim. No.B309458<br>(Super. Ct. No. 2017001950)<br>(Ventura County) |

Refugio Ruvalcaba appeals following the revocation of his probation and the execution of a previously-imposed sentence.  In 2017, appellant pleaded guilty to inflicting corporal injury on a former cohabitant (Pen. Code,[1] § 273.5, subd. (a)), exhibiting a deadly weapon (§ 417, subd. (a)(1)), and child endangerment (§ 273a, subd. (b)).  The trial court placed him on four years of probation with terms and conditions including that he serve 545 days in county jail, which was deemed served.  In April 2019,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

appellant admitted violating his probation and probation was revoked and reinstated with terms and conditions including that he serve 75 days in jail.

In July 2019, appellant admitted another violation of his probation. The court imposed a four-year state prison sentence on the corporal injury offense, suspended execution of that sentence, and reinstated probation. In doing so, the court made clear that appellant would be sent to prison if he violated probation again. In October 2020, appellant admitted violating his probation for a third time. The court revoked probation and ordered execution of the previously-imposed four-year prison sentence.

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed a brief raising no issues. We subsequently advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.

Appellant filed a timely response in which he claims he is not guilty of the corporal infliction of injury offense to which he pleaded guilty. Appellant, however, never moved to withdraw his guilty plea in the trial court, nor did he appeal from the judgment entered pursuant to that plea or seek a certificate of probable cause under section 1237.5. Moreover, his notice of appeal states that the appeal "asserts sentencing error only and does not appeal the underlying admission of probation." Because the court revoked and terminated probation, it was "require[d to order] execution of the existing [four-year] sentence, exactly as imposed. [Citation.]" (*People v. Kelly* (2013) 215 Cal.App.4th 297, 302.)

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities

and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgments are affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P.J.


TANGEMAN, J.

Derek Malan, Judge
Superior Court County of Ventura

_____

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.