Filed 12/22/23  P. v. Hood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALFRED FITZGERALD HOOD,<br><br>Defendant and Appellant. | C098999<br><br>(Super. Ct. No. 62173911) |

Appointed counsel for defendant Alfred Fitzgerald Hood filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief.  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

In 2022, a jury found defendant guilty of being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)) and being a felon in possession of ammunition

---

[1]  Undesignated statutory references are to the Penal Code.

1

(§ 30305, subd. (a)(1)).  As to each conviction, the jury found true defendant was armed with a firearm.  In a bench trial, the court found true that:  (1) defendant had two prior felony convictions under sections 1170.12 and 667; (2) defendant's prior convictions were numerous or of increasing seriousness; and (3) defendant had served a prior prison or county jail term.  The court subsequently granted defendant's motion to strike the prior strikes.  On January 6, 2023, the court sentenced defendant to three years for the firearm conviction and eight months for the ammunition conviction.  The court suspended execution of that sentence and, after making an unusual case finding, granted defendant two years' formal probation.

A petition to revoke defendant's probation was subsequently filed alleging indecent exposure (§ 314, subd. (1)), assault against a police officer (§ 241, subd. (c)), resisting arrest (§ 148, subd. (a)(1)), possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)), possession of alcohol, and possession of a knife.[2]  At the probation violation hearing, a City of Roseville police officer testified that he responded to a call regarding a person disrobing in public and acting irrationally.  That person was later identified as defendant.  An electrical and building inspector testified that he witnessed defendant standing on a front lawn disrobing and grabbing and shaking his penis.  A Placer County probation officer also testified that he searched a room in defendant's mother's home and found drug paraphernalia, a knife, and an empty bottle of chardonnay.  Testifying in his defense, defendant denied ever exposing himself and denied living in his mother's home.

The trial court found defendant in violation of probation for indecent exposure, assault on a police officer, and willfully resisting a police officer.  The court did not find

---

[2]  Prior to the probation violation hearing, defense counsel declared a doubt as to defendant's competency pursuant to section 1368.  The court ultimately found defendant competent, and proceedings were reinstated.

sufficient evidence for the alleged probation violations for possession of drug paraphernalia, alcohol, or a knife. The court concluded defendant had failed on probation. The court declined to reinstate probation and lifted the stay on the previously imposed sentence. On July 7, 2023, defendant filed a notice of appeal as to the contested violation of probation.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) In that opening brief, defendant "personally requests" we consider whether the trial court erred in assessing certain fines and fees, and whether the trial court erred in declining defendant's request to strike his admitted prior strikes for sentencing purposes. Such claims are foreclosed in this appeal. "When a court imposes sentence but suspends its execution at the time probation is granted, the defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. [Citation.] If the defendant allows the time for appeal to lapse during the probationary period, the sentence becomes final and is not appealable." (*People v. Kelly* (2013) 215 Cal.App.4th 297, 307; see also *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) Here, defendant did not timely appeal the January 2023 order granting probation in which his sentence and the fees and fines were imposed. (See Cal. Rules of Court, rule 8.308(a) ["notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"].) He therefore cannot now challenge that order in this appeal.[3]

---

[3] We note that the claim regarding defendant's prior strikes also appears to be without basis as the trial court granted defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3

Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief asserting that the prosecution's witnesses perjured themselves at the probation violation hearing, and that such testimony should have been excluded on this basis. Our review is limited to the record on appeal (see *People v. Szeto* (1981) 29 Cal.3d 20, 35), and there is nothing in the trial court record supporting defendant's claim that these witnesses perjured themselves. In any event, the claim is forfeited because it was not raised below. (See *People v. Doolin* (2009) 45 Cal.4th 390, 437.)

Further, following an independent review of the record, we find that no arguable factual or legal issues exist.

### III.  DISPOSITION

The judgment is affirmed.

/s/
Wiseman, J.*

We concur:

/s/
Hull, Acting P. J.

/s/
Mesiwala, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.