[No. F022689. Fifth Dist. Dec. 13, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY WILLIAM SPEARS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of FACTS and parts I-IV of DISCUSSION.

COUNSEL

Larry L. Dixon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THAXTER, Acting P. J.**—This appeal raises various issues related to Penal Code[1] section 667, former subdivisions (b)-(j), commonly known as the "three strikes" legislation,[2] including several constitutional attacks. We will find that some of appellant's attacks are moot in his case and we will reject all of appellant's other contentions.

### STATEMENT OF CASE

Following a preliminary examination, defendant and appellant Leroy William Spears was charged with two felony counts by information filed in the Stanislaus County Superior Court. Count I alleged a violation of section

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Because the instant crime was committed between the 1994 revision of section 667 and the November 1994 enactment of the (substantially similar, but not quite identical) three strikes initiative, codified in section 1170.12, our discussion and holdings are confined to the former.

459 (burglary), and further alleged a prior serious felony conviction as defined in section 667, subdivision (d), and two prior prison terms as defined in section 667.5, subdivision (b). Count II alleged a violation of section 496, subdivision (a) (receiving stolen property), and further alleged the same two prior prison terms as were set forth in count I.

After first pleading not guilty to both counts and denying the various enhancement allegations, appellant withdrew his not guilty plea as to count I and entered a plea of no contest to second degree burglary, also admitting a 1990 first degree burglary conviction and a prior prison term. The prosecution subsequently moved to dismiss count II and the attendant enhancement allegations, to which the court consented.

At the sentencing hearing, the court noted that appellant was ineligible for probation under section 667, subdivision (c)(2). On balance, the court found circumstances in aggravation outweighed those in mitigation. Based on discussions at the change of plea hearing and on the recommendations of counsel, the court imposed the middle term of imprisonment, or two years; the court then doubled that term to four years pursuant to section 667, subdivision (e)(1). The court also added a one-year enhancement for the prior prison term under section 667.5, subdivision (b). Appellant's total sentence was thus five years. In addition, the court considered appellant's employment history and ordered a restitution fine in the amount of $500.

During sentencing, appellant requested evaluation for admission to the California Rehabilitation Center (CRC). The court denied the request, both because of appellant's "excessive criminality" and prior prison term, and because CRC referral is barred under section 667, subdivision (c)(4).

The notice of appeal was timely filed.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1683.

DISCUSSION

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . .

V. *The Three Strikes Law's Limitation on Custody Credits Does Not Violate the Equal Protection or Due Process Clauses of the State and Federal Constitutions.*

■ Appellant contends that section 667, subdivision (c)(5), which severely limits sentence credits available to defendants sentenced under the three strikes legislation, as applied to appellant is arbitrary and violative of the equal protection and due process clauses of the state and federal Constitutions. His theory is twofold: the denial of credits puts him on a different footing from (a) a defendant with an identical record but whose offense preceded enactment of the three strikes legislation; and from (b) a defendant whose offense was far more serious, but who lacked a prior "strike."

". . . Equal protection is denied because appellant is not accorded the same prison credits based on his own behavior which is granted to other defendants who were sentenced to state prison for offenses committed before enactment of the strikes law and to defendants who commit heinous current offenses. Thus, a defendant sentenced for a current aggravated violent felony may receive heretofore allowable credits for good behavior but appellant, incarcerated for second degree burglary, may not receive credit exceeding one-fifth of his term. . . ."

In the second part of his argument appellant is apparently comparing his own situation to that of a defendant "sentenced for a current aggravated violent felony" who *lacks a prior "strike."* His argument founders on basic principles underlying the equal protection doctrine.

"The equality guaranteed by the equal protection clauses of the federal and state Constitutions is equality under the same conditions, and among persons similarly situated. The Legislature may make reasonable classifications of persons and other activities, provided the classifications are based upon some legitimate object to be accomplished." (*Adams* v. *Commission on Judicial Performance* (1994) 8 Cal.4th 630, 659 [34 Cal.Rptr.2d 641, 882 P.2d 358].)

---

*See footnote, *ante*, page 1683.

Appellant is not "similarly situated" to his hypothetical defendant, who has no prior "strike" convictions. The Legislature stated its intent in modifying section 667 was "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).) It is clear the Legislature intended to set appellant and other recidivists with prior "strike" convictions apart from first time offenders and those with less serious criminal histories; it is equally clear it did so with a legitimate objective in mind.

Nor is appellant "similarly situated" to those defendants whose "current" crimes predate passage of the three strikes legislation. The Legislature's power to change sentencing schemes for crimes committed after a certain date is manifest. ■ ". . . It is perfectly proper for the Legislature to create a new sentencing procedure which operates prospectively only. Despite the disparity created by rendering different sentences after an admittedly arbitrarily chosen date, prospective application of such a statute does not violate equal protection principles, because of the legitimate public purpose of assuring 'that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.' [Citation.]" (*People* v. *Gilchrist* (1982) 133 Cal.App.3d 38, 45 [183 Cal.Rptr. 709].)

". . . Fixing the day the offense was committed as the watershed results in an entirely reasonable classification and does not deny equal protection to those whose offenses predate [the legislative change]." (*People* v. *Superior Court (Gonzales)* (1978) 78 Cal.App.3d 134, 143 [144 Cal.Rptr. 89].)

VI. *Legislative Enactment of the Three Strikes Law as an Urgency Measure Did Not Violate the Constitutional Procedures for Urgency Legislation.*

Article IV, section 8, subdivision (d) of the California Constitution provides in pertinent part: "Urgency statutes are those necessary for immediate preservation of the public peace, health, or safety. A statement of facts constituting the necessity shall be set forth in one section of the bill. In each house the section and the bill shall be passed separately, each by rollcall vote entered in the journal, two thirds of the membership concurring. *An urgency statute may not . . . change the . . . duties of any office,* or grant any franchise or special privilege, or create any vested right or interest." (Italics added.)

■ In a supplemental letter brief appellant argues that the three strikes law changed the duties of judges and prosecutors. Therefore it could not be

enacted as urgency legislation, and it was not legally in effect at the time the instant offense was committed.

Appellant contends that the legislative attempt to shift authority to dismiss in furtherance of justice from the court to the prosecutor amounts to a change in the duties of the sentencing court, so as to preclude enactment of the three strikes legislation as an urgency measure. The contention assumes that section 667, subdivision (f)(2) deprives the court of discretion to dismiss prior "strike" allegations in furtherance of justice, a power it would otherwise have had under section 1385.[7]

Insofar as changes in the duties of the prosecutor's office are concerned, appellant's only contention is that the prosecutor's discretion whether to charge a previous conviction has been "sharply curtailed" by the three strikes law. He refers to section 667, subdivisions (g) and (f) which mandate the prosecutor to plead and prove prior serious felony convictions in every case, limit the ability to move to dismiss or strike a prior felony allegation, and prohibit the use of prior convictions in plea bargaining.

Not all changes in the duties of an office, however, preclude implementation of a statute as an emergency measure. In *Davis* v. *County of Los Angeles* (1938) 12 Cal.2d 412 [84 P.2d 1034], the Supreme Court indicated that only a change that "impose[s] undue or material and substantial additional burdens or duties upon the officers mentioned, different in nature from those already required of them by law, . . ." runs afoul of the constitutional provision in question. (*Id.* at p. 424.)

In *Martin* v. *Riley* (1942) 20 Cal.2d 28 [123 P.2d 488], the Supreme Court elaborated: ". . . An addition or subtraction in relation to the volume of the duties required to be performed by an officer, *which does not substantially affect the primary duties of his office,* is not such a change of duties as would prevent immediate effectiveness of legislation properly declared to be urgent." (20 Cal.2d at p. 37, italics added; see also *People* v. *Robertson* (1982) 33 Cal.3d 21, 47 [188 Cal.Rptr. 77, 655 P.2d 279].)

The extent to which section 667, subdivisions (g) and (f) might affect the exercise of a prosecutor's discretion in charging and dealing with prior serious felony convictions, or the court's power to dismiss such charges in

---

[7]In part III, *ante,* we declined to consider appellant's contention that depriving the trial court of such discretionary power, while granting it to the prosecutor, violates the constitutional separation of powers doctrine.

furtherance of justice, cannot reasonably be characterized as "substantially affect[ing] the primary duties" of either the prosecutorial or judicial office.

The three strikes law was properly enacted as an urgency measure and was thus in effect at the time of appellant's offense.

### Disposition

Judgment affirmed.

Harris, J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 1996.