Filed 6/17/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

  Plaintiff and Respondent,

v.

JONATHAN HOLLIS HICKMAN,

  Defendant and Appellant.

2d Crim. No. B260928
(Super. Ct. No. 2007017002)
(Ventura County)

Jonathan Hollis Hickman appeals a Proposition 47 resentencing order entered after he was convicted of possession of methamphetamine and previously sentenced to two years state prison. (Pen. Code, § 1170.18.)[1] The trial court resentenced appellant to one year county jail with credit for time served and ordered supervised parole for one year. (§ 1170.18, subd. (d).) Appellant contends that the trial court erred in ordering supervised parole because his presentence custody credits (423 days) exceed the one-year parole supervision period. We affirm. Proposition 47 provides that the trial court may, in its discretion, order one year of supervised parole without consideration of presentence custody credits.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Procedural History*

In 2007 appellant pled guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) with three prison prior enhancements (§ 667.5, subd. (b)) and was granted probation. The trial court revoked probation on April 20, 2012 and sentenced appellant to two years state prison. Appellant was released on parole on November 24, 2014.

On November 4, 2014, California voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act," to maximize sentencing alternatives for nonserious, nonviolent crime. (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (February 2015), p. 6, at www.courts.ca. gov/documents/Prop-47-Information.pdf.) Proposition 47 makes certain drug possession offenses (Health & Saf. Code, §§ 11350, 11357, subd. (a), 11377) misdemeanors and provides that a drug offender previously convicted of a qualifying drug offense may petition to be resentenced under the new misdemeanor statute. (§ 1170.18, subd. (a).) Section 1170.18 subdivision (d) states in pertinent part: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served *and shall be subject to parole for one year following completion of his or her sentence*, unless the court in its discretion, as part of its resentencing order, releases the person from parole." (Italics added.)

Appellant filed a Proposition 47 petition alleging that he had served a two-year prison sentence and was in county jail on a parole violation. The Ventura County District Attorney agreed that appellant was eligible for resentencing but argued that appellant should be placed on supervised parole pursuant to section 1170.18, subdivision (d). Defense counsel conceded that parole supervision was discretionary: "Mr. Hickman has been on parole in this case for the last four years and . . . parole doesn't appear to have been beneficial to either Mr. Hickman or probably society. . . . [T]his probably would be an appropriate case for the Court to exercise its discretion not to impose additional parole." Appellant also claimed that his excess

custody credits, commonly known as *Sosa* credits (*In re Sosa* (1980) 102 Cal.App.3d 1002), must be deducted from the supervised parole period.

The trial court ruled that excess custody credits do not reduce the parole supervision period because "[p]eople coming from parole having served [prison] time are almost always going to have credits in excess of one year . . . . "  The trial court found that *Sosa* credits deal with "traditional parole.  We're talking parole which is typically three years, maybe five years, sometimes up to ten years. . . .  [¶]  This is anything but traditional parole.  How do we know that?  It's a misdemeanor. . . .  [¶]  [I]t's an entirely different sentencing scheme."

*Sosa Credits*

Where a defendant's custody credits exceed his or her state prison term, the excess credits, commonly known as *Sosa*  credits, are deducted from the defendant's parole period.  (*In re Sosa, supra,* 102 Cal.App.3d at pp. 1005-1006.)  The rule is based on section 2900.5, subdivision (c) which provides that a " 'term of imprisonment' includes any period of imprisonment imposed as a condition of probation or otherwise ordered . . . and also includes any term of imprisonment, including any period of imprisonment prior to release on parole *and any period of imprisonment and parole*, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency."

Appellant argues that his *Sosa* credits (423 days)  "zero out" the one-year parole supervision period because his prison sentence and parole time constitute the "term of imprisonment" as defined by section 2900.5, subdivision (c).  We rejected a similar argument in *People v. Espinoza* (2014) 226 Cal.App.4th 635 in which a Three Strikes defendant was resentenced pursuant to Proposition 36 with credit for time served. (§ 1170.126)  Defendant argued that he was not subject to postrelease community supervision (PRCS; § 3451. subd. (a)) because his custody credits exceeded the new sentence and three-year PRCS period.  We concluded that PCRS is not a term of imprisonment within the meaning of section 2900.5, subdivision (c).  (*People v. Espinoza, supra,* 226 Cal.App.4th  at pp. 638-639.)  "Even if [defendant] was entitled to

3

custody credits before he was resentenced, it does not reduce the mandatory [postrelease community] supervision period. [Citations.]" (*Id.*, at p. 639.)

Proposition 47 is similar to Proposition 36 but provides for parole supervision rather than PCRS. Parole supervision is "*in addition* to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned. . . ." (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act," *supra,* p. 56, at www.courts.ca.gov/documents/Prop-47-Information.pdf.) If a convicted drug offender petitions for Proposition 47 resentencing, the trial court may, in its discretion, order one-year supervised parole.

Here, the trial ordered supervised parole based on appellant's serious and repeated violations of parole. No abuse of discretion occurred. Appellant was and is in dire need of parole supervision. Between March 15, 2011 and November 7, 2014, he violated parole 16 times.[2] Proposition 47 parole supervision, which is a form of misdemeanor parole, is not a term of imprisonment within the meaning of section 2900.5, subdivision (c).

### *Equal Protection*

Appellant asserts that Proposition 47 violates the equal protection clauses of the federal and state Constitutions (U.S. Const., 14th Amend; Cal. Const., art. I, § 7, subd. (a)) because defendants convicted of violent felony offenses are subject to more lenient parole rules in which excess custody credits reduce the parole term. To establish an equal protection claim, appellant must show "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]" (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) Nonviolent drug offenders resentenced under

---

[2] Appellant has prior convictions for receiving stolen property (§ 496, subd. (a)), unlawful sexual intercourse with a minor (§ 261.5), three convictions for being under the influence of a controlled substance (Health & Saf. Code, § 11550), passing false checks (§ 470, subd. (d)), possession of a hypodermic needle (Bus. & Prof. Code, § 4140), second degree burglary (§ 459), two convictions for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and obstructing a peace officer (§ 148, subd. (a)(1)).

Proposition 47 are not similarly situated to violent felony offenders. "[I]f the classification does not involve a suspect class, legislation is presumed to be valid under the equal protection clause if the statutory classification is rationally related to a legitimate state interest. [Citations.]" (*People v. Mora* (2013) 214 Cal.App.4th 1477, 1483 [prospective application of the Criminal Justice Realignment Act of 2011; no equal protection violation].)

The voters, in approving Proposition 47, intended that supervised parole be imposed unless the trial court, "in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).) In the words of the trial court, Proposition 47 "puts the R back in rehabilitation" and not only addresses public safety but "the needs of the specific [defendant] which will translate into public safety benefits." We concur. Supervised misdemeanor parole is a rational sentencing objective and does not discriminate against a suspect class. (See e.g., *People v. Espinoza, supra,* 226 Cal.App.4th at p. 641; *People v. Mora, supra,* 214 Cal.App.4th at p. 1484.) Proposition 47 resentencing is a "package deal" and, for appellant, includes a misdemeanor sentence with credit for time served and one-year misdemeanor parole supervision. Appellant cannot "pick and choose" what portion of Proposition 47 sentencing realignment he agrees to. (See e.g., *People v. Tubbs* (2014) 230 Cal.App.4th 578, 587 [Proposition 36]; *People v. Espinoza, supra,* 226 Cal.App.4th at p. 640 [same].) "He who takes the benefit must bear the burden." (Civ. Code, § 3521.)

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Brian J. Back, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender and Michael C. McMahon, Chief Deputy and Ashley Jones, Deputy, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.