Filed 2/25/16  P. v. Jones CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

NICHOLAS TAYLOR JONES,

    Defendant and Appellant.

2d Crim. No. B262590
(Super. Ct. No. 2012016443)
(Ventura County)

        Nicholas Taylor Jones appeals an order recalling his felony sentence, resentencing him to a misdemeanor sentence, and placing him on supervised misdemeanor parole for one year, pursuant to Penal Code section 1170.18.[1]  We direct the trial court to modify the judgment to reflect the satisfaction of fines and fees, including the restitution fine, but otherwise affirm.

### FACTUAL AND PROCEDURAL HISTORY

        On September 25, 2012, Jones pleaded guilty to felony possession of a controlled substance in accordance with a negotiated plea.  (Health & Saf. Code, § 11350, subd. (a).)  He also admitted that he suffered a prior felony strike conviction and served two prior prison terms.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  At sentencing, the trial court dismissed the strike conviction and the two prior prison term allegations in the interest of justice.  (§ 1385, subd. (a).)  The court then sentenced Jones

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

to a low-term 16 months in prison; imposed a $240 restitution fine, a $240 parole revocation restitution fine (stayed), a $40 court security assessment, a $30 criminal conviction assessment, and various drug and laboratory fees; and awarded Jones 344 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.)

On January 3, 2013, the California Department of Corrections released Jones from prison into the postrelease community supervision program ("PRCS") for three years. (§ 3450 et seq. ["Postrelease Community Supervision Act of 2011"].) At times during the community supervision period, Jones was arrested and sometimes incarcerated for drug-related violations of his supervised program.

On February 4, 2015, Jones filed a petition to have his sentence recalled and to have his felony conviction reclassified as a misdemeanor, pursuant to section 1170.18. Following a hearing, the trial court redesignated Jones's conviction as a misdemeanor and ordered him to serve one year in county jail with credit for time served. (By then, Jones had 1,213 days of custody credit.) The court also placed Jones on supervised parole for one year pursuant to section 1170.18, subdivision (d). It rejected Jones's assertion that he was entitled to have his excess custody credits applied against his term of misdemeanor parole as held by *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005-1006. (*Ibid.* [presentence custody credits in excess of a prisoner's term of imprisonment reduce the prisoner's time on parole].) The court did order, however, that "[a]ny outstanding financial balances in this case will be deemed satisfied by the excess credits." The fines and fees imposed amounted to $1,055, including a $150 restitution fine. (§ 1202.4, subd. (b).)

Jones appeals and contends that he is entitled to application of his excess custody credits to his one-year parole term as well as to his eligible fines and fees.

*DISCUSSION*

*I.*

Jones asserts that section 2900.5, subdivision (c), *In re Sosa*, *supra*, 102 Cal.App.3d 1002, 1005-1006, and the federal and state constitutional commands of equal

2

protection of the law require application of his excess custody credits to his parole term, fines, and fees.

On November 4, 2014, the voters enacted Proposition 47, The Safe Neighborhoods and Schools Act, which became effective the following day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 added section 1170.18 to the Penal Code.  Subdivision (a) of section 1170.18 permits a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing."  If the person satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petition resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of the resentencing order, releases the person from parole."  (Italics added.)

In prior decisions, we have considered and rejected contentions similar to those raised here  (*People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, No. S229296; *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, No. S227964.)  We see no reason to depart from the reasoning and conclusions set forth in those opinions, although we recognize there is a contrary view. (*People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, No. S228030.)

Thus, in *People v. Espinoza* (2014) 226 Cal.App.4th 635, 638-639, we concluded that PRCS is not a "term of imprisonment" within the meaning of section 2900.5, subdivision (c) and *In re Sosa*, *supra*, 102 Cal.App.3d 1002, 1005-1006.  By analogy, parole supervision pursuant to Proposition 47 is also not a "term of imprisonment."

3

Proposition 47 provides sentencing alternatives for persons convicted of crimes that are not serious or violent, e.g., certain drug possession crimes. (§ 1170.18, subd. (a).) Nonviolent drug offenders resentenced pursuant to Proposition 47 are not similarly situated to violent felony offenders. "[I[f the classification does not involve a suspect class, legislation is presumed to be valid under the equal protection clause if the statutory classification is rationally related to a legitimate state interest." (*People v. Mora* (2013) 214 Cal.App.4th 1477, 1483 [prospective application of the Criminal Justice Realignment Act of 2011; no equal protection violation].)

## II.

Jones points out that section 2900.5, subdivision (a) permits excess custody credits to be "credited to any fine . . . in the discretion of the court." He adds that section 1170.18, subdivision (m) provides that section 1170.18 does not "diminish or abrogate any rights or remedies otherwise available" to him.

Jones committed his offense on May 5, 2012. At the time of the offense, section 2900.5, subdivision (a) provided that excess custody credits shall be credited "to any fine on a proportional basis, including, but not limited to, *base fines and restitution fines*." (*People v. Morris* (2015) 242 Cal.App.4th 94, 102.) In July 2013, the Legislature amended section 2900.5, subdivision (a) to eliminate restitution fines from the fines to which excess custody credits may be applied. (Stats. 2013, ch. 59, § 7; *Morris*, at p. 100.) Our Supreme Court has held that imposition of restitution fines constitute punishment subject to the proscriptions of the ex post facto clause, among other constitutional provisions. (*People v. Souza* (2012) 54 Cal.4th 90, 143.) Jones is therefore entitled to the benefits of section 2900.5, subdivision (a) as it existed at the time he committed his underlying offense.

## III.

For the first time on appeal and by his reply brief, Jones asserts that his one-year misdemeanor parole term must expire on January 3, 2016, not February 4, 2016. This is so because his three-year PRCS period would expire on January 3, 2016. He relies upon section 1170.18, subdivision (e), which provides: "Under no circumstances

4

may resentencing under this section result in the imposition of a term longer than the original sentence."

Section 1170.18, subdivision (d) is unambiguous. It requires the imposition of a one-year misdemeanor parole unless the trial court, in its discretion, releases the defendant from parole. The phrase "shall be given credit for time served and shall be subject to parole for one year" indicates that, regardless of the amount of credit for time served on the felony offense before it was reduced to a misdemeanor, the defendant shall be subject to parole for one year. (*Ibid.*) The statutory language is clear that the only exception to the one-year parole requirement is the court's discretion to release the defendant from the requirement. Rules of statutory construction provide that a statement of limited exceptions excludes others; thus, the judiciary has no power to add additional exceptions. (*In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084.) Jones receives no credit against his misdemeanor parole term for the time served on PRCS.

In the interests of judicial economy, we direct the trial court to modify the judgment to reflect that the $240 restitution fine, along with the other fines and fees, have been satisfied in full pursuant to former section 2900.5, subdivision (a). We otherwise affirm.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



PERREN, J.


5

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, Benjamin W. Maserang, Senior Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.