Filed 9/18/20  P. v. Alcala CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057701 |
| v. | (Super. Ct. No. 09CF1971) |
| ARTURO ALCALA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Idan Ivri, and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, Arturo Alcala was convicted of voluntary manslaughter. (Pen. Code, § 192, subd. (a).)[1] Alcala appeals from the trial court's order denying his petition for resentencing under section 1170.95. Because section 1170.95 applies only to murder convictions, the court properly denied Alcala's petition. Additionally, Alcala's exclusion from section 1170.95 did not violate his right to equal protection. We affirm the court's order.

## FACTS

In 2009, a complaint charged Alcala with murder (§ 187, subd. (a)), and street terrorism (§ 186.22, subd. (a)). Pursuant to a plea agreement, an amended complaint charged Alcala with voluntary manslaughter (§ 192, subd. (a); count 1), and street terrorism (§ 186.22, subd. (a); count 2). As to count 1, it alleged that Alcala committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and he carried a firearm with a detachable magazine and belt feeding device (§ 12021.5, subd. (b)).

Alcala pleaded guilty to counts 1 and 2 and admitted the special allegations. The trial court sentenced Alcala to 20 years in prison.

In 2019, Alcala filed a petition for resentencing pursuant to section 1170.95. The trial court determined Alcala failed to establish a prima facie case because he was not convicted of murder and denied the petition.

## DISCUSSION

Alcala asserts section 1170.95 applies to those whose manslaughter convictions resulted from a plea to manslaughter in lieu of murder. He claims his petition set forth a prima facie case and as a result, he was entitled to a resentencing hearing. He also contends the trial court violated his equal protection rights by denying the petition. We disagree, and affirm the court's order denying his petition.

---

[1] All further statutory references are to the Penal Code.

I.  *Senate Bill No. 1437 (S.B. 1437) and Section 1170.95*

S.B. 1437, "amended sections 188 and 189 and added section 1170.95 to the Penal Code, significantly modifying the law relating to accomplice liability for murder."  (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1098-1099, rev. granted Nov. 13, 2019, S258175 (*Lopez*); Cal. Rules of Court, rule 8.1115(e)(1) [while review pending may rely on for persuasive value].)  Section 1170.95, subdivision (a), provides, in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ."  Section 1170.95 does not mention the crime of voluntary manslaughter.

The Legislature enacted S.B. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (§§ 188, 189, as amended by Stats. 2018, ch. 1015, § 1, subd. (f).)

Under section 1170.95, if the petitioner makes a prima facie showing, the court must issue an order to show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner.  (§ 1170.95, subds. (c) & (d)(1).)  A prima facie showing under section 1170.95 requires the following:  (1) an accusatory pleading was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he or she was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he or she could have been so

3

convicted; and (3) that he or she could not be convicted of murder due to the amendments to sections 188 and 189. (§ 1170.95, subd. (a)(1)-(3).)

II. *Analysis*

Alcala asserts he established a prima facie showing under section 1170.95. He argues the statute must be construed to apply to defendants convicted of voluntary manslaughter. Not so.

"When we interpret statutes, our primary task is to determine and give effect to the Legislature's purpose in enacting the law." (*In re H.W.* (2019) 6 Cal.5th 1068, 1073.) "We first look to the words of the statute, as they are generally the most reliable indicators of the legislation's purpose." (*Ibid.*)

Section 1170.95, subdivision (a), authorizes only a person "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated . . . ." (*Ibid.*) Section 1170.95 exclusively and repeatedly references murder. It makes no mention of manslaughter. By its clear language, the statute limits relief only to qualifying persons who were convicted of murder. "Manslaughter, while a lesser included offense of murder, is clearly a separate offense . . . . " (*People v. Strickland* (1974) 11 Cal.3d 946, 960 (*Strickland*).)

Alcala failed to satisfy the first step of the prima facie analysis in section 1170.95, subdivision (c), specifically the showing that he "falls within the provisions" of the statute. Even though Alcala avers on his petition that he "pled guilty or no contest to [first] or [second] degree murder," the record of conviction clearly indicated he was convicted of voluntary manslaughter, not murder. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137 (*Lewis*) [trial court may properly consider record of conviction in evaluating petitioner's initial prima facie showing under section 1170.95, subdivision (c).].) This rendered him ineligible for relief as a matter of law. (*People v. Flores* (2020) 44 Cal.App.5th 985, 989 (*Flores*).)

4

In *Flores*, defendant was charged with murder. (*Flores*, *supra*, 44 Cal.App.5th at p. 989.) As part of a plea agreement, she pleaded guilty to voluntary manslaughter. (*Ibid.*) Our colleagues in Division One stated the issue as follows: "This appeal requires us to determine whether an otherwise-qualified person convicted of voluntary manslaughter, as opposed to murder, can invoke the resentencing provision of Senate Bill No. 1437." (*Ibid.*) The court determined the statute's plain language clearly and unambiguously limited relief to those convicted of murder: "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder. Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, 'while a lesser included offense of murder, is clearly a separate offense . . . .' [Citation.] . . . The absence of any reference to manslaughter implies the omission was intentional. [Citations.]" (*Id.* at p. 993.)

The *Flores* court rejected defendant's claim she was entitled to relief because the statute applies to those who "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." (*Flores,* supra, 44 Cal.App.5th at p. 995; § 1170.95, subd. (a)(2).) It averred defendant's focus on a single statutory clause in isolation was misplaced: "We reject [defendant's] interpretation of section 1170.95, which places outsized importance on a single clause to the exclusion of the provision's other language. This violates well-settled rules of construction, which caution that we must not 'consider the statutory words in isolation; we must read the language as it is placed in the code section, and in the context of the entire statutory scheme.' [Citation.] As discussed, the remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter." (*Flores*, *supra*, 44 Cal.App.5th at p. 995.) The court also rejected defendant's contention that failing to apply section 1170.95 to voluntary manslaughter would produce absurd results unanticipated by the Legislature: "Insofar as [defendant] suggests it would be absurd to

5

interpret section 1170.95 to limit its ameliorative benefits only to defendants convicted of murder, as opposed to a broader swathe of defendants that otherwise meet its criteria, this argument is equally without merit. '[T]he gap between a defendant's culpability in aiding and abetting the target offense and the culpability ordinarily required to convict on the nontarget offense is greater in cases where the nontarget offense is murder, than where the nontarget offense' is voluntary manslaughter. [Citation.] Given this disparity, '[t]he Legislature could have reasonably concluded reform in murder cases "was more crucial or imperative.'" [Citation.]" (*Id.* at pp. 996-997.)

Alcala's assertion he qualifies for resentencing because ambiguity in a criminal statute should be resolved in favor of lenity is misplaced. Section 1170.95 is clear and unambiguous that it applies only to murder convictions. (§ 1170.95, subd. (a); *Flores*, *supra*, 44 Cal.App.5th at p. 995.)

The fact that Alcala was initially charged with murder and later pleaded guilty to voluntary manslaughter makes him ineligible for resentencing relief under section 1170.95. Alcala contends the statute applies to him as a person who "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." (§ 1170.95, subd. (a)(2).) We, like the *Flores* court, reject Alcala's interpretation of section 1170.95. (*Flores*, *supra*, 44 Cal.App.5th at p. 995.)

Contrary to Alcala's argument, the reference in section 1170.95, subdivision (a), to providing relief for individuals who pleaded guilty after being charged with murder does not contemplate resentencing for non-murder crimes. Rather, it applies only where individuals charged with murder plead guilty to that crime. (*Flores*, *supra*, 44 Cal.App.5th at p. 995 ["criminal defendants can, and do, plead guilty to the crime of murder. . . . a defendant may plead guilty to murder for a variety of reasons, including 'to (1) relieve his conscience through confession and atonement, (2) gain some tactical advantage, including a less severe penalty [with fewer sentencing enhancements],

6

(3) avoid the "agony and expense" of an unnecessary and prolonged trial, where the evidence of guilt is overwhelming [citation], or (4) spare friends and relatives the spectacle and embarrassment, and perhaps publicity, of a public trial [citation].' [Citation.]".) The trial court correctly denied Alcala's petition for failing to establish a prima facie case because he was convicted of voluntary manslaughter, not murder.

## II. *Equal Protection*

Alcala also asserts S.B. 1437 violates his constitutional right to equal protection. He claims it is discriminatory to provide section 1170.95 relief for murderers, but to deny it to those convicted of manslaughter. We disagree.

"'Guarantees of equal protection embodied in the Fourteenth Amendment of the United States Constitution and article I, section 7 of the California Constitution prohibit the state from arbitrarily discriminating among persons subject to its jurisdiction.'" (*People v. Chavez* (2004) 116 Cal.App.4th 1, 4.) "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'" [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 328.)

Generally, "''[p]ersons convicted of *different* crimes are not similarly situated for equal protection purposes." [Citations.] "[I]t is one thing to hold . . . that persons convicted of the same crime cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally." [Citation.]' [Citation.]" (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.)

Alcala was convicted of voluntary manslaughter, which, as discussed above, is an offense separate from murder. (*Strickland*, *supra*, 11 Cal.3d at p. 960.)

7

Alcala stands convicted of a different crime than the one to which this ameliorative statute applies. Therefore, he is not similarly situated to individuals who may benefit from it.

Furthermore, even assuming two groups are similarly situated, there is no equal protection violation "provided the classifications are made with a legitimate goal to be accomplished. [Citation.]" (*People v. Mora* (2013) 214 Cal.App.4th 1477, 1483.) "[T]he Legislature's decision to limit sentencing reform at this time to offenders in cases of murder is certainly rational. . . . The Legislature could have reasonably concluded reform in murder cases 'was more crucial or imperative.' [Citation.] . . . [¶] Second, the process created in section 1170.95 for those convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate that conviction and to be resentenced is not cost free. The staff of the Senate Appropriations Committee estimated, if 10 percent of the inmates eligible for relief under SB 1437 petitioned the courts for resentencing, additional court workload costs would approximate $7.6 million. The committee's report expressed concern that this increase in workload 'could result in delayed court services and would put pressure on the General Fund to fund additional staff and resources.' [Citation.] Additional expenditures would also be required to transport petitioners in custody to and from court hearings. [Citation.] [¶] In a world of limited resources, it is reasonable for the Legislature to limit the scope of reform measures to maintain the state's financial integrity. [Citations.]" (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1111-1112, fn. omitted.) We find no equal protection violation.

DISPOSITION

The court's postjudgment order denying Alcala's petition for resentencing is affirmed.



O'LEARY, P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.