Filed 11/6/20 P. v. Delgado CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JOHNY DELGADO,<br><br>　　　Defendant and Appellant. | A159953<br><br>(Mendocino County Super. Ct.<br>　No. SCTM-CRCR-18-95683-1) |

Defendant Johny Delgado appeals from a February 2020 judgment revoking his probation and executing a four-year prison sentence imposed in 2018, when he was first placed on probation.  The sentence includes a prior-prison-term enhancement of one year under Penal Code[1] section 667.5, subdivision (b) (section 667.5(b)).  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136) amended section 667.5(b) to limit qualifying prior prison terms to those served for sexually violent offenses, which Delgado's prior offenses were not.  The parties do not contest that Senate Bill No. 136 is retroactive under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

1

On appeal, Delgado claims that he is entitled to the benefit of Senate Bill No. 136 under the Supreme Court's decision in *People v. McKenzie* (2020) 9 Cal.5th 40 (*McKenzie*). *McKenzie* held that in accordance with *Estrada*, "a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence." (*McKenzie*, at p. 43.) The Attorney General responds that *McKenzie* does not govern because the 2018 order at issue here suspended the sentence's *execution*, not its imposition, and was therefore a final judgment for retroactivity purposes. We conclude that Delgado has the better argument. Therefore, we strike the section 667.5(b) enhancement but otherwise affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, Delgado was charged with a felony count of being a felon in possession of a firearm. He was also alleged to have served a prior prison term for felony convictions of driving the wrong way on a highway while evading a peace officer and driving under the influence with bodily injury.[2] Delgado pleaded guilty to the charges, and in November 2018 the trial court imposed a four-year prison sentence, composed of a term of three years for the offense and a consecutive term of one year for the enhancement. The court suspended execution of the sentence and granted Delgado

---

[2] The firearm-possession charge was brought under section 29800, subdivision (a)(1), and the prior-prison-term enhancement was alleged under section 667.5(b). The 2015 convictions supporting the enhancement were under Vehicle Code sections 2800.4 (driving wrong way on highway) and 23153, subdivision (a) (DUI with bodily injury).

probation on the condition that he complete a two-year residential treatment program. Delgado did not appeal from the November 2018 order.

Over the next 14 months, the probation department filed two petitions to revoke probation, and Delgado admitted to violating his probation in both instances. The first time, the trial court reinstated probation on the condition that he serve 90 days in jail and re-enter the residential treatment program, but the second time, the court decided to revoke probation permanently and execute the previously imposed four-year sentence. Delgado objected that due to Senate Bill No. 136 the section 667.5(b) enhancement was "no longer applicable as of January 1[, 2020]," and he argued that the enhancement should not be imposed because his sentence was not yet final. The prosecutor disagreed, and the trial court continued the matter to consider the issue.

In February 2020, after receiving briefing from the parties, the trial court decided that the section 667.5(b) enhancement could still be imposed. Accordingly, the court executed the originally imposed sentence of four years in prison.

II.
DISCUSSION

Delgado claims that the section 667.5(b) enhancement must be stricken because the judgment was not yet final when Senate Bill No. 136 became operative. We agree that he is entitled to the legislation's ameliorative effect.

In general, statutes are presumed to operate prospectively. (*People v. Brown* (2012) 54 Cal.4th 314, 323.) *Estrada* established an exception to this presumption: "When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's

3

operative date"—i.e., all defendants " 'to which [the statute] constitutionally could apply.' " (*Brown*, at p. 323, fn. omitted, quoting *Estrada*, *supra*, 63 Cal.2d at p. 745.) "[F]or purposes of *Estrada* retroactivity, the focus is not on when a conviction becomes final but rather when the sentence imposed on that conviction becomes final," a question of law that we review de novo. (*People v. Martinez* (2020) 54 Cal.App.5th 885, 891.)

It is undisputed that Senate Bill No. 136's amendments to section 11370.2 are retroactive under *Estrada*, as several Court of Appeal decisions have held. (E.g., *People v. Matthews* (2020) 47 Cal.App.5th 857, 865; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.) It is also undisputed that Delgado's prior prison term no longer qualifies for an enhancement under section 667.5(b) because his convictions of driving the wrong way on a highway while evading a peace officer and driving under the influence with bodily injury are not "sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 667.5(b).) Instead, the parties disagree about whether there is a final judgment such that Delgado cannot benefit from Senate Bill No. 136's amendments to section 667.5(b).

The resolution of this question turns on *McKenzie*, which involved Senate Bill No. 180 (2017–2018 Reg. Sess.), legislation that amended Health and Safety Code section 11370.2 to restrict the applicability of a prior-conviction enhancement. (*McKenzie*, *supra*, 9 Cal.5th at p. 43.) *McKenzie* considered whether a defendant who did not appeal from a 2014 order suspending imposition of sentence and placing him on probation, but whose appeal from a 2016 order revoking probation and sentencing him to prison was pending when Senate Bill No. 180 took effect, was entitled to have the relevant enhancements stricken. (*McKenzie*, at p. 43.) The Supreme Court

4

concluded that he was, because "the prosecution had not been 'reduced to final judgment at the time' the [statutory] revisions took effect." (*Id.* at p. 45.) In so holding, *McKenzie* rejected the People's argument that the enhancements could not be challenged because they became final under *Estrada* after the defendant failed to appeal from the order granting probation. (*McKenzie*, at p. 46.)

The Attorney General argues that *McKenzie* is distinguishable because the original order granting probation in that case suspended *imposition* of the sentence, whereas the November 2018 order granting probation in this case imposed sentence and suspended its *execution*.[3] Relying primarily on *People v. Howard* (1997) 16 Cal.4th 1081, the Attorney General claims that "[w]here a sentence is imposed, and no appeal is taken, a challenge to that sentence is not cognizable [in] a later appeal." *Howard* held that if a trial court "actually imposes sentence but suspends its execution on granting probation, and the sentence becomes final and nonappealable," the court cannot, upon later revoking probation, "impose a new sentence different from the one previously imposed." (*Id.* at p. 1084.)

We agree with the Attorney General that the November 2018 order was final in the sense both that it was appealable and that the trial court would normally lack authority to change the imposed sentence before ordering its execution. (See *McKenzie*, *supra*, 9 Cal.5th at p. 46; *People v. Howard*, *supra*, 16 Cal.4th at p. 1084; *People v. Mora* (2013) 214 Cal.App.4th 1477, 1482.)

---

[3] After it decided *McKenzie*, the Supreme Court granted review to decide the same issue before us: whether a judgment is final for *Estrada* purposes when probation is granted and execution of sentence is suspended, or only after the suspended sentence is ordered into effect. (*People v. Esquivel* (Mar. 26, 2020, B294024) [nonpub. opn.], review granted Aug. 12, 2020, S262551.)

5

But *Howard* and the other decisions the Attorney General cites did not involve *Estrada* retroactivity, and just because an order is "final" for one purpose does not mean it is for another. (*McKenzie*, at p. 47.) For example, in *People v. Chavez* (2018) 4 Cal.5th 771, which *McKenzie* discussed at length, the Supreme Court explained that "neither form[] of probation—suspension of the imposition of sentence or suspension of the execution of sentence— results in a final judgment" in the context of whether a trial court has authority to dismiss an action under section 1385, meaning that "in the case of a successful probationer, final judgment is *never* pronounced." (*Chavez*, at pp. 777, 781, italics added; *McKenzie*, at pp. 46–47.)

As *McKenzie* makes clear, the appropriate question in the context of *Estrada* retroactivity is whether the " ' "criminal *proceeding* . . . ha[s] . . . reached final disposition in the highest court authorized to review it." ' " (*McKenzie*, *supra*, 9 Cal.5th at p. 45, italics added.) Here, Delgado's criminal proceeding is clearly ongoing, as the trial court's order revoking his probation and executing the previously imposed prison sentence has not yet reached final disposition in the highest court in which review is available. Thus, "[t]hat *McKenzie* considered a case where imposition of sentence was suspended, while [the order here] involve[ed] suspension of the execution of sentence, does not change our conclusion." (*People v. Martinez, supra*, 54 Cal.App.5th at p. 893 [holding that under *McKenzie* a split sentence is not final for *Estrada* purposes].)

Nor can his failure to appeal the November 2018 order be held against Delgado. As *McKenzie* also explained, because there is no " 'judgment of conviction' " separate from a sentence itself, " 'underlying' convictions and enhancement findings" are not final for *Estrada* purposes at some different point in time than the sentence is. (*McKenzie*, *supra*, 9 Cal.5th at p. 46.) In

6

other words, Delgado is not estopped from now arguing that the section 667.5(b) enhancement should be stricken, since his claim is "based on an event—the amendment of [the statute]—that occurred long after the [trial] court ordered probation and the time for direct appeal lapsed," meaning he could not have raised the issue in an earlier appeal. (*McKenzie*, at p. 50, italics omitted.) Thus, he is entitled to the ameliorative effect of Senate Bill No. 136.

## III.
### DISPOSITION

The one-year enhancement imposed under section 667.5(b) is stricken, and the judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

7

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Sanchez, J.


*People v. Delgado*  A159953